# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

*Electronically Filed*

| | | |
|---|---|---|
| **MUSSE NADIFO, et al.** | * | Case No.: 3:21-CV-636-RGJ |
| | * | |
| | * | Judge Rebecca G. Jennings |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | |
| | * | |
| **PARKER-HANNIFIN CORPORATION,** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## NOTICE OF REMOVAL

Defendant Parker Hannifin Corporation ("Defendant"), pursuant to 28 U.S.C. § 1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Circuit Court of Jefferson County, Kentucky, the court in which this case is presently pending, to the United States District Court for the Western District of Kentucky at Louisville. As grounds for this removal, Defendant states as follows:

## LITIGATION FACTS

1. On or about September 21, 2021, Plaintiffs Musse Nadifo, Mamow Khadija, Ali Kafia Mohamed, Hussein Mohamed Adan, Hassan Makay Osman, and Aliya Mohamed (collectively "Plaintiffs") filed a Complaint in the Circuit Court of Jefferson County, Kentucky, captioned *Musse Nadifo, et al. v. Parker-Hannifin Corporation*, bearing case number 21-CI-005376. In their Complaint, Plaintiffs allege claims for failure to accommodate religion, race/national origin discrimination, hostile work environment, and retaliation pursuant to the

1

Kentucky Civil Rights Act. (*See* Compl.) They also allege a claim for negligent infliction of emotional distress under Kentucky common law. (*See id.*)

2. Defendant was served with its Summons on September 27, 2021. The Complaint and Summons are attached as Exhibit A. These are the only pleadings, process, and/or orders that have been filed in this action to date.

### PLAINTIFFS' EMPLOYMENT WITH DEFENDANT

3. Plaintiffs were previously employed by Defendant at its Jeffersonville, Indiana facility. (*See* Compl. ¶7)

### CITIZENSHIP OF THE PARTIES

4. Plaintiffs are all citizens and residents of Kentucky. (Compl. ¶1.)

5. Defendant is incorporated in the State of Ohio. (Declaration of Michelle Hackim ("Hackim Decl."), at ¶3)[1] Its officers direct, control, and coordinate the corporation's activities from Mayfield Heights, Ohio, which is Defendant's principal place of business and nerve center. (*Id.*)

6. Therefore, Defendant is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Court of Appeals have called the corporation's 'nerve center.'").

---

[1] The Declaration of Michelle Hackim is attached as Exhibit B.

7. This action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

## AMOUNT IN CONTROVERSY

8. The amount in controversy is to be determined based on the plaintiff's complaint at the time the notice of removal is filed. *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

9. Although Plaintiffs' Complaint does not specify the amount in controversy, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiffs' requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction.

10. Plaintiffs' Complaint purports to allege claims for failure to accommodate religion, race/national origin discrimination, hostile work environment, and retaliation pursuant to the Kentucky Civil Rights Act, and common law claims of negligent infliction of emotional distress. (*See* Compl.) Plaintiffs' Complaint seeks substantial damages from Defendant, including lost wages and benefits, compensatory damages for their "significant emotional harm" and " pain and suffering and humiliation," court costs, pre-judgment and post-judgment interest, and statutory and punitive damages. Plaintiffs also seek to recover their attorneys' fees and costs. (*See* Compl. "Wherefore" paragraph.)

11. The Kentucky statute prohibiting discrimination and retaliation provides recovery of actual damages, costs, and reasonable attorneys' fees. KRS 344.450. "Actual damages" includes lost wages, and also has been defined to include emotional distress, humiliation, and embarrassment. *See Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008). There is no express limit on emotional distress damages under the Kentucky Civil Rights Act. *Shupe v. Asplundh Tree Expert Company*, 566 Fed Appx. 476 (6th Cir. 2014).

12. Furthermore, a plaintiff's demand for attorneys' fees may be considered in the calculation of the estimated amount in controversy when the plaintiff fails to specifically plead with regard to the amount in controversy when, as in this case, attorneys' fees are expressly allowed by statute. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377-78 (6th Cir. 2007).

13. When determining the amount-in-controversy for purposes of diversity jurisdiction, punitive damages should also be included. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 479 (6th Cir. 2014) ("Claims for punitive damages should be included in the amount-in-controversy, 'unless it is apparent to a legal certainty that such cannot be recovered.'").

14. When Plaintiffs' request for punitive damages, compensatory damages for emotional stress and mental anxiety, and attorneys' fees are considered, Plaintiffs' damages, if they were to be successful at trial, would be in excess of $75,000 for each Plaintiff.

15. In employment cases such as this, Kentucky courts have recognized it is a "near certainty" that the amount in controversy exceeds the jurisdictionally required amount – even when the plaintiff's back pay damages are negligible. *Proctor v. Swifty Oil Co., Inc.*, 2012 U.S. Dist. Lexis 141323 at *8. (W.D. Ky. October 1, 2012) (citing *Egan v. Premier Scales and Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002)). *See also Harris v. Burger King Corp.*, 2012 U.S. Dist. Lexis 45263 (W.D. Ky. March 29, 2012) (amount in controversy requirement fulfilled for purposes

of diversity jurisdiction, despite the fact that the plaintiff's back damages were negligible, where the plaintiff also requested other types of damages, including emotional distress damages and attorneys' fees).

16. While Defendant specifically denies Plaintiffs' claims and entitlement to all of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiffs' claims for damages exceed $75,000.00 for each Plaintiff identified in the Complaint.

## REMOVAL

17. Because there is complete diversity of citizenship between the parties and the Complaint reflects an amount in controversy in excess of $75,000.00 for each Plaintiff, the United States District Court for the Western District of Kentucky (Louisville) has original jurisdiction over this matter.

18. Pursuant to 28 U.S.C. § 1441, *et seq.*, the right exists to remove this case to the United States District Court for the Western District of Kentucky (Louisville), which embraces the place where the action is currently pending.

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of receipt of the Summons and Complaint in this matter.

20. As required by 28 U.S.C. § 1446(d), Defendant shall promptly file a copy of this Notice of Removal with the Jefferson County, Kentucky Circuit Court, and serve copies of this Notice of Removal on Plaintiffs' counsel.

WHEREFORE, Defendant Parker-Hannifin Corporation respectfully requests that the above-entitled action now pending in the Jefferson County, Kentucky Circuit Court, be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this

action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this court.

Respectfully submitted,

/s/ *Jamie M. Goetz-Anderson*
Jamie M. Goetz-Anderson (KBA No. 95842)
Adair M. Smith (KBA No. 98356)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: Jamie.goetz-anderson@jacksonlewis.com
Email: adair.smith@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2021, a true and accurate copy of the foregoing Notice of Removal was filed with the Court via the Court's CM/ECF system, and was also served by regular U.S. Mail upon the following:

Brian Abell
Abell Attorneys
1387 S. 4th St.
Louisville, Kentucky 40208

*Counsel for Plaintiff*

/s/ *Jamie M. Goetz-Anderson*
Jamie M. Goetz-Anderson

4849-5336-6783, v. 1